NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **HAROLD IMPORT CO. INC.,** | **Civil Action No. 15-1462 (MAS)** |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION** |
| **MV TRADING ONLINE, et al.,** | |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Plaintiff Harold Import Co. Inc.'s ("HIC")

motion to amend its Complaint in order to add the following new defendants: MV Trading, MV

Trading Co., MV Trading Co., Inc., H.R. Supply a/k/a H.R. Supplies, HRSUPPLYCA.COM, JB

ONG, Inc., Sean Kha and Michael Ong, as well as additional allegations against the existing and

new defendants. [Docket Entry No. 26]. Defendants MV Trading Online, Monika Ha and Phat

Ong (collectively, the "MVTO Defendants") oppose HIC's motion. The Court has fully

reviewed and considered all arguments made in support of, and in opposition to, HIC's motion to

amend. The Court considers HIC's motion without oral argument pursuant to L.Civ.R. 78.1(b).

For the reasons set forth more fully below, HIC's motion is GRANTED.

## I.      Background and Procedural History

On February 27, 2015, HIC filed its initial Complaint for damages and injunctive relief

against MV Trading Online ("MVTO"), Teaheaven ("TH"), TEAHEAVENUSA.COM ("THU"),

Monika Ha, Phat Ong and Ha Ong (collectively, "Defendants"). Through its Complaint, HIC

alleged that Defendants were liable for: (1) trademark infringement, unfair competition, and

false designation of origin under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*.; (2) trademark infringement and unfair competition in violation of New Jersey statutory law, N.J.S.A. §§ 56:4-1 and 56:3-13.16; (3) trademark infringement, unfair competition and unjust enrichment in violation of the common law of the State of New Jersey; (4) trademark dilution under N.J.S.A. § 56.3-13:20; (5) copyright infringement pursuant to 17 U.S.C. § 501 *et seq.*; and (6) breach of contract.  (Pl. Cmplt. ¶ 1; Docket Entry No. 1).

Despite being served with the Complaint, Defendants failed to answer or otherwise respond to the Complaint within the time provided by the Federal Rules of Civil Procedure.  As a result, upon HIC's requests, default was entered against (1) MVTO, TH and THU on April 8, 2015 (Request for Default of 4/7/2015, Docket Entry No. 11; Clerk's Entry of Default of 4/8/2015); (2) Monika Ha and Phat Ong on April 24, 2015 (Request for Default of 4/24/2015, Docket Entry No. 13; Clerk's Entry of Default of 4/24/2015); and (3) Ha Ong on May 18, 2015 (Request for Default of 5/15/2015, Docket Entry No. 15; Clerk's Entry of Default of 5/18/2015).

On May 11, 2015, after default was entered against MVTO, TH, THU, Monika Ha and Phat Ong, HIC moved to have a default judgment entered against them.  [Docket Entry No. 14]. In response, the MVTO Defendants acquired counsel who made an appearance in this matter. (*See* Notices of Appearance of 6/5/2015; Docket Entry Nos. 18 & 19).  Thereafter, HIC and the MVTO Defendants conferred, and HIC agreed to vacate default as to MVTO, Monika Ha and Phat Ong in the hopes of bringing this matter to a swift resolution.  (*See* Stipulation and Consent Order of 6/16/2015; Docket Entry No. 20).  As a result, default was vacated and the default judgment motion was terminated as to MVTO, Monika Ha and Phat Ong.  These MVTO Defendants filed an Answer, later amended, on June 26, 2015.  (*See* Docket Entry Nos. 21 & 24).

After the Answer was filed, the Court scheduled an Initial Conference for August 17, 2015.  (*See* Scheduling order of 7/6/2015; Docket Entry No. 22).

As a result of the Initial Conference, the Court entered a Scheduling Order in this matter. According to same, any motion to amend the pleadings or to add parties had to be filed by September 25, 2015.  (*See* Scheduling Order of 8/18/2015; Docket Entry No. 25).

Since the Initial Conference, HIC claims to have discovered that Defendants' infringing activities involve an elaborate network of interrelated companies, websites and individuals.  As a result, HIC filed the instant motion to amend in order to add the originally unnamed companies and individuals – MV Trading, MV Trading Co., MV Trading Co., Inc. (collectively, "MVT"), H.R. Supply a/k/a H.R. Supplies, HRSUPPLYCA.COM (collectively "H.R. Supply"), JB ONG, Inc. ("JBO"), Sean Kha and Michael Ong – as defendants in this lawsuit.  In accordance with the Scheduling Order, HIC's motion was filed on September 25, 2015.

## II.   Analysis

### A.  Standard of Review

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*.  However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Here, the MVTO Defendants focus their opposition to HIC's motion to amend on the

alleged futility of HIC's proposed amendments, arguing:

> The proposed Amended Complaint interjects a plethora of print-
> outs, photographs and screen shots and then proceeds to
> conclusively state that all "Defendants" are responsible for the
> alleged the [sic] harm because "[u]pon information and belief" all
> of the corporate and Individual Defendants are one and the same.
> Despite the voluminous nature of the proposed Amended
> Complaint, no new allegations are offered regarding Plaintiff's
> underlying claims.  Simply adding parties to the litigation coupled
> with the phrase "on information and belief" does nothing to
> nudge[] [its] claims across the line from conceivable to plausible . .
> . ." Bell Atl. Corp., 550 U.S. at 570.  The theoretical possibility
> that all of these Defendants are interrelated does not convert itself
> to "plausible" by simply reducing it to paper.
>
> ***
>
> If Plaintiff's motion is granted, the Amended Complaint will be
> immediately ripe for dismissal as to the newly added Defendants
> for failure to meet the standard of plausibility expounded in Bell
> Atl. Corp., nor does it contain anything more than conclusory
> allegations. See Schiano, 2013 U.S. Dist. LEXIS 81440 at *60-62
> (noting that the proposed amended complaint was conclusory and
> that "It is improper to add a party as a defendant in a matter merely
> in order to obtain discovery from that party.")

(MVTO Defs. Opp. Br. at 3-4; Docket Entry No. 29).   As a result, the Court, herein, also

focuses on the purported futility of HIC's motion.[1]

A motion to amend is properly denied where the proposed amendment is futile.   An

amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on

its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal

quotation marks and citations omitted).  To evaluate futility, the Court uses "the same standard of

---

[1] The MVTO Defendants also suggest that HIC's proposed amendments would be prejudicial and have been
brought in bad faith, claiming that HIC's proposed amendments would exponentially increase discovery and
prolong the lifecycle of this case without changing the underlying claims or the alleged roles of Defendants, and
that HIC only moved to amend to expand its potential recovery pool and artificially create settlement leverage
over the Individual Defendants. (*See* MVTO, Monika Ha and Phat Ong Opp. Br. at 3-4).  The Court, however, finds
these arguments to be unsupported.  Further, as explained, herein, the Court finds that Plaintiff, through its
proposed amended pleading, has asserted non-futile claims against the new defendants.

legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6) (*Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)) and considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief[.]" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Although a pleading does not need to contain "detailed factual allegations," a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.  Additionally, in assessing a motion to dismiss, although the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or

legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

**B.  Discussion**

Here, the Court finds that HIC has alleged sufficient facts to state plausible claims against the new proposed defendants.  Despite the MVTO Defendants' characterization to the contrary, HIC has not simply added new parties to its Complaint coupled with the phrase "on information and belief."  Instead, HIC has asserted numerous facts showing the interconnectedness (*i.e.,* shared physical addresses, related trademarks / trade dress, related websites, shared principals, etc.) between the existing and proposed new defendants.   Indeed, HIC has supplied significant evidence of the interrelatedness of the various entities (MVT, MVTO, TH, THU, JBO and H.R. Supply) and their officers and principals (Sean Kha, Phat Ong, Ha Ong, Michael Ong and Monika Ha).  (*See* Proposed Amended Cmplt. ¶¶ 43-54, 59; Docket Entry No. 27-1).  The Court finds that these facts more than adequately support HIC's claim that "MVT, MVTO, TH, THU, JBO, and HRS are agents, affiliates, officers, directors, managers, principals, and/or alter-egos of each other, and each entity participated in, directed, and benefited from the infringing sales made by each of the other entities."  (*Id*. ¶ 54).  Further, when these facts are coupled with HIC's allegations and evidence of Defendants' sale of infringing goods, they are sufficient to raise HIC's claims for relief above the speculative level.  (*See Id*. ¶¶ 34-36, 40-44, 55, 58 and Exs. B-C, F-I, L).

The fact that HIC's proposed claims are supported by allegations pled on "information and belief" has no impact on the Court's conclusion that HIC's proposed amendments are viable. The MVTO Defendants have provided no legal support in furtherance of their suggestion that allegations made on "information and belief" are implausible and therefore futile.  Moreover, the

6

Court notes that HIC's original Complaint, which the MVTO Defendants answered, was also largely pled on "information and belief."

Finally, in light of the fact that the Court has determined that HIC's proposed amendments are not futile, the Court also finds that permitting HIC to join all of the allegedly responsible, interconnected parties in one litigation represents the most economic and efficient manner of proceeding.  Far from prejudicing the MVTO Defendants, allowing HIC's amendments will streamline HIC's claims and should reduce the expenditure of duplicative resources that would result from forcing HIC to pursue one or more simultaneous, separate lawsuits against the proposed new defendants.

## III.   Conclusion

For the reasons set forth above, HIC's Motion to Amend is GRANTED.  An appropriate Order follows.

Dated: April 21, 2016

> s/  Tonianne J. Bongiovanni
> **HONORABLE TONIANNE J. BONGIOVANNI**
> **UNITED STATES MAGISTRATE JUDGE**